Harold OLSON, Plaintiff,

v.

BOROUGH OF HOMESTEAD, Defendant.

Civ. No. 76–557.

United States District Court, W. D. Pennsylvania.

July 7, 1976.

Felix J. DeGuilio, Pittsburgh, Pa., for plaintiff.

James H. McLean, Pittsburgh, Pa., for defendant.

## OPINION

MARSH, District Judge.

The plaintiff was dismissed from his position as a police officer following his conviction in the state court on charges of indecent assault and corrupting children. He brings this action against his former employer, the Borough of Homestead, seeking preliminary and permanent injunctive relief in the form of reinstatement and back pay. He also asks this court to declare that his termination from the police force was an unconstitutional denial of due process. The matter is now before the court on the defendant's motion to dismiss.

The plaintiff has framed his complaint as a civil rights action under 42 U.S.C. § 1983 and asserts that this court has jurisdiction under 28 U.S.C. § 1343(3) and 28 U.S.C. § 1331(a). Since the borough is not a "person" within the meaning of the statute, it is not a proper defendant in the civil rights action. *Bishop v. Wood,* —— U.S. ——, 96 S.Ct. 2074, 48 L.Ed.2d 684 (No. 74–1303, 1976); *City of Kenosha v. Bruno,* 412 U.S. 507, 511–513, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Monroe v. Pape,* 365 U.S. 167, 187–192, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Thus, as to the claim under § 1983, the motion to dismiss must be granted. The borough could be a proper party in a suit brought under § 1331(a). Even if all of the allegations in the complaint are taken as true, however, the plaintiff has failed to state a claim under § 1331(a) for deprivation of constitutionally

protected rights, and in this respect the motion to dismiss must be granted.

The facts as presented in the pleadings and the exhibits attached thereto are as follows:

Plaintiff Harold Olson was a Sergeant in the Police Department of the Borough of Homestead. In March, 1975, plaintiff was arrested and charged with indecent assault and corrupting children. Plaintiff was arraigned under §§ 3125 and 3126 of the Pennsylvania Crimes Code. Shortly thereafter, Homestead Mayor James E. Armstrong suspended the plaintiff from the police force without pay until the next regular meeting of the Borough Council (53 P.S. § 46124). In a letter dated March 21, 1975, Mayor Armstrong formally advised the plaintiff that he was being suspended for a violation of law which constituted a misdemeanor or a felony (53 P.S. § 46190(3)), and for conduct unbecoming an officer (53 P.S. § 46190(4)). The Mayor's action was effective March 21, 1975. At its regular meeting on April 11, 1975, the Council upheld the Mayor's action and suspended the plaintiff pending disposition of the criminal charges. Although the applicable statute (53 P.S. § 46191) provides a right of appeal to the Civil Service Commission following such a suspension, the plaintiff did not file an appeal.

On September 8, 1975, following a non-jury trial before Judge George Ross of the Court of Common Pleas of Allegheny County, the plaintiff was found guilty on one count of indecent assault upon a 13-year-old girl and on one count of corrupting the morals of a minor child. Plaintiff Olson was placed on one-year's probation by the court. Olson's appeal of this conviction is now pending. In a letter of September 12, 1975, Mayor Armstrong notified the plaintiff that the Council would meet September 16th to consider the plaintiff's status as an employee of the police department. Plaintiff was invited to be present with legal counsel. (See Complaint, Exhibit A).

On September 16, 1975, the Council met at the borough building. Plaintiff Olson was present and, although his attorney was unavailable due to illness, he did not object to proceeding without counsel. The Council received a certified copy of the court record of plaintiff's conviction in the state court and then offered plaintiff an opportunity to speak in his own behalf. The plaintiff requested that any action be delayed pending the outcome of his appeal of the conviction. The Council then advised plaintiff that his employment was terminated effective immediately. (See Complaint, Exhibit B). The following day, in a letter written by Borough Manager William Macosky, Jr., the plaintiff was formally advised of his dismissal and the reasons for the Council decision. (See Complaint, Exhibit C).

Plaintiff appealed the Council's decision of termination to the Borough Civil Service Commission. A hearing was held before the Commission on September 23, 1975, at which time plaintiff Olson was present and represented by legal counsel. On November 10, 1975, plaintiff was notified of the Commission's unanimous decision to uphold the plaintiff's termination by the Borough Council. Pursuant to statute (53 P.S. § 46191), a decision of the Commission may be appealed within 60 days to the Court of Common Pleas. Plaintiff did not file a timely appeal, but did later file a Petition for Leave to Appeal Nunc Pro Tunc. On April 12, 1976, the Court of Common Pleas of Allegheny County refused to grant the petition. Subsequently, plaintiff filed the instant action in this court.

In the Complaint, plaintiff does not allege that he was terminated for some impermissible reason, such as a reprisal for the exercise of constitutionally protected rights. In fact, plaintiff does not challenge at all the reasons for his removal.[1] His only claim is that the Borough deprived him of property without due process of law by: (1) suspending plaintiff from his position as Sergeant of Police before his trial and con-

---

1. During argument on the motion to dismiss on June 22, 1976, counsel for the plaintiff stated that if the matter were to be remanded to the Borough Council, the Council could legally dismiss the plaintiff.

viction; (2) failing to give public notice of the termination hearing; and (3) failing to record the minutes of the hearing.

■ Before examining these contentions, it is necessary to look at the nature of the property interest in question. If plaintiff had a property interest in his public employment, that interest was created not by the Constitution but rather by the state law. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The applicable state statute provides:

"No person employed in any police or fire force of any borough shall be suspended, removed or reduced in rank except for the following reasons:

.        .        .        .        .

(3) Violation of any law which provided that such violation constitutes a misdemeanor or felony.

(4) Inefficiency, neglect, intemperance, immorality, disobedience of orders, or conduct unbecoming an officer.    .    ."

53 P.S. § 46190.

Thus the statute which provides the "mutually explicit understandings"[2] to support plaintiff's claim of a property interest for due process purposes is the same statute which provides that his employment may be terminated for certain specific reasons. Furthermore, the statute also provides specific procedural requirements to enforce the substantive rights with respect to employment:

"If the person suspended, removed or reduced in rank shall demand a hearing by the commission, the demand shall be made to the commission. Such person may make written answers to any charges filed against him not later than the day fixed for hearing. The commission shall grant him a hearing which shall be held within a period of ten days from the filing of charges in writing, unless continued by the commission for cause at the request of the council or the accused. At any such hearing, the person against whom the charges are made may be present in person and by counsel. The council may suspend any such person, without pay, pending the determination of the charges against him, but in the event the commission fails to uphold the charges, then the person sought to be suspended, removed or demoted shall be reinstated with full pay for the period during which he was suspended, removed or demoted, and no charges shall be officially recorded against his record. A stenographic record of all testimony taken at such hearings shall be filed with, and preserved by, the commission, which record shall be sealed and not be available for public inspection in the event the charges are dismissed.

"All parties concerned shall have immediate right of appeal to the court of common pleas of the county, and the case shall there be determined as the court deems proper. No order of suspension made by the commission shall be for a longer period than one year. Such appeal shall be taken within sixty days from the date of entry by the commission of its final order and shall be by petition. Upon such appeal being taken and docketed, the court of common pleas shall fix a day for a hearing and shall proceed to hear the appeal on the original record and such additional proof or testimony as the parties concerned may desire to offer in evidence. The decision of the court affirming or revising the decision of the commission shall be final, and the employe shall be suspended, discharged, demoted or reinstated in accordance with the order of court.

"The council and the person sought to be suspended, removed or demoted shall at all times have the right to employ counsel before the commission and upon appeal to the court of common pleas."

53 P.S. § 46191.

Where such a procedural mechanism is provided to enforce a substantive right which is simultaneously conferred, the sub-

2. See *Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

stantive right may not be viewed wholly apart from the procedure provided for its enforcement. As Justice Rehnquist wrote in *Arnett v. Kennedy*, 416 U.S. 134, 153–154, 94 S.Ct. 1633, 1644, 40 L.Ed.2d 15 (1974),

> "where the grant of a substantive right is inextricably intertwined with the limitations on the procedures which are to be employed in determining that right, a litigant in the position of [the plaintiff] must take the bitter with the sweet."

Plaintiff Olson was thus guaranteed that his interest in continued employment by the Borough would be enforced by the provisions of the statute. These provisions have been interpreted by the courts of Pennsylvania to mean that:

> "The proper procedure is to file the charges at the time Council suspends the employee and notify the employee of same within five days. There are at least three reasons for requiring this procedure: (a) that the employee may be informed of what misbehavior he is accused and rectify it if he so chooses, (b) that the employee can determine whether the charges are statutorily sufficient, and (3) (sic) that he can decide whether to take an appeal to the Civil Service Commission and, if he does, to file a timely answer."

*Gardner v. Repasky*, 434 Pa. 126, 252 A.2d 704, 705 (1969).

█ There is no allegation in the Complaint that the specified procedures were not followed by the defendant Borough. The Complaint does acknowledge that the Borough Council formally notified the plaintiff before taking final action and gave him an opportunity to appear with legal counsel and to speak on his own behalf. Taking as true every statement in the Complaint, it thus appears that the plaintiff received each of the required due process considerations and more.

█ Plaintiff did not request a hearing before the Commission with respect to his suspension, and there are no facts which he could prove to show that he was denied the procedural protections afforded by the statute. The statute expressly provides that an employee may be suspended without pay pending the determination of charges against him.[3] (53 P.S. § 46191).

█ Plaintiff claims that the termination hearing afforded by the Borough Council tainted the entire procedure because the Council failed to comply with the two sections of the Pennsylvania Open Meeting Law which require that public notice be given of Council meetings and that minutes of such meetings be taken and recorded.[4] The plaintiff's allegation with respect to the defendant's failure to take minutes is somewhat unclear since the plaintiff has attached to his complaint a copy of minutes from the Borough Council meeting of September 16, 1975, which detail the plaintiff's appearance before the Council (See Complaint, Exhibit B). But, even if the Open Meeting Law provisions are applicable to the Council meeting of September 16th, and even if Council failed to comply with these provisions, we find that the plaintiff's alleged right to have the public present at every stage of his dismissal is not of the constitutional magnitude required to state a claim in this court. As the Supreme Court recently stated in *Bishop v. Wood*, —— U.S.

---

3. The Pennsylvania Courts have permitted municipalities to demand a high standard of conduct from police officers. See *Faust v. Police Civil Serv. Comm'n*, 22 Pa.Cmwlth. 123, 347 A.2d 765, 768 (1975); *Cerceo v. Borough of Darby*, 3 Pa.Cmwlth. 174, 281 A.2d 251, 255 (1971). The measure of proof necessary to support the dismissal of a municipal employee for unbecoming conduct or for immorality is of a different nature and is substantially less than that required to convict for a criminal offense. See *In re Appeal of Zeber*, 398 Pa. 35, 156 A.2d 821, 825 (1959).

4. The Open Meeting Law (65 P.S. § 261 *et seq.*) prescribes a specific summary offense penalty for members of agencies who are found to have participated in meetings which are held so as to intentionally prevent interested parties from attending. The statute further specifies that the state courts shall have original jurisdiction to enforce the act by injunction or other appropriate remedy.

——, 96 S.Ct. 2074, 48 L.Ed.2d 684 (No. 74–1303, filed June 10, 1976):

"The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions."

In conclusion, we find that no set of facts which the plaintiff might prove could make out a constitutional claim against the defendant Borough since there has been no allegation that defendant failed to comply with the prescribed due process procedures upon which plaintiff's property interest was conditioned. The defendant's motion to dismiss will be granted.

An appropriate order will be entered.

On July 6, 1976, plaintiff filed an amended complaint, inter alia, adding individual party defendants. Since plaintiff has not complied with Rule 21, Fed.R.Civ.P., no action by the court will be taken with respect to the additional parties at this time.