**Harold OLSON, Plaintiff,**

v.

**James T. MURPHY et al., Defendants.**

Civ. A. No. 76–1101.

United States District Court,
W. D. Pennsylvania.

March 23, 1977.

Felix J. DeGuilio, Pittsburgh, Pa., for plaintiff.

James H. McLean, Thomas H. M. Hough, Pittsburgh, Pa., for defendants.

## OPINION

MARSH, District Judge.

The plaintiff policeman was dismissed from his job following his conviction on criminal charges in state court. In a previous civil rights action, plaintiff sought reinstatement and back pay from his former employer, the Borough of Homestead.[1] In this action under 42 U.S.C. § 1983, plaintiff seeks relief against 12 individual officials of the borough. The defendants have filed motions to dismiss.

Plaintiff alleges that he was deprived of his property interest in continued employment as a policeman without being given due process of law. If plaintiff had a property interest in his public employment, that interest was created not by the Constitution but rather by state law. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The state law provides that a policeman's employment may be terminated for certain reasons,[2] and also provides specific procedural requirements to enforce the substantive rights with respect to employment.[3]

On September 8, 1975, following a trial in the Court of Common Pleas of Allegheny County, plaintiff was found guilty on one

---

1. See *Harold Olson v. Borough of Homestead* (Civil Action No. 76–557), 417 F.Supp. 784 (W.D.Pa.1976); appeal pending (No. 76–2206).

2. Section 46190, Title 53 P.S., provides in pertinent part:

"No person employed in any police or fire force of any borough shall be suspended, removed or reduced in rank except for the following reasons:

(3) Violation of any law which provided that such violation constitutes a misdemeanor or felony.
(4) Inefficiency, neglect, intemperance, immorality, disobedience of orders, or conduct unbecoming an officer. . . .."

3. See 53 P.S. § 46191.

count of indecent assault upon a 13-year-old girl and on one count of corrupting the morals of a minor child. The facts as taken from plaintiff's complaint show that plaintiff was advised by a letter from the Borough Mayor that a hearing concerning his employment status would be held in the Borough Council Chamber on September 16, 1975 (Complaint, Exhibit A). The letter advised plaintiff of his right to be present with legal counsel. The members of the Borough Council met on September 16 and considered plaintiff's employment situation.[4] In a letter dated September 17, 1975, the Borough Manager advised the plaintiff that he was being dismissed from the police department because of his violation of law and because of immorality and conduct unbecoming an officer (Complaint, Exhibit B).

The complaint states that plaintiff subsequently requested and received a hearing before the Borough Civil Service Commission, at which time plaintiff appeared with counsel. The Commission upheld plaintiff's termination. Plaintiff's subsequent leave to file an appeal of the Commission decision was denied by the Court of Common Pleas of Allegheny County.

From the allegations in the complaint, it appears that after his trial in the state court plaintiff received adequate notice and ample opportunity to contest the basis of his dismissal. Plaintiff has been accorded each of the due process considerations required under the statute.

Plaintiff's allegations that the proceedings are tainted by the Borough Council's failure to advertise the hearing to the general public or by the Council's failure to record the hearing in the minute book as an official council meeting are not of the magnitude required to state a claim in this court.[5] See *Bishop v. Wood*, 426 U.S. 341, 350, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

After consideration of the complaint and the briefs submitted on behalf of all parties, it is the conclusion of this court that plaintiff has failed to state a claim upon which relief can be granted and the complaint should be dismissed.

An appropriate order will be entered.

---

4. Although plaintiff alleges that this meeting did not constitute an official meeting, plaintiff has never alleged that he was denied a hearing. In Paragraph 8 of his previous complaint (C.A. No. 76–557), 417 F.Supp. 784, plaintiff stated that a hearing was held on September 16, 1975. Minutes of that hearing which were attached to the previous complaint indicate that plaintiff appeared and spoke in his own behalf at the hearing. See 417 F.Supp. at 786. In any event, the applicable state statute gives the dismissed officer a right to demand a hearing before the Civil Service Commission but does not require

that the Borough Council hold a hearing. See 53 P.S. § 46191.

5. Pennsylvania's Open Meeting Law, 65 P.S. §§ 261–269, provides a summary offense penalty for members of agencies who are found to have participated in meetings which are held so as to intentionally prevent interested parties from attending. Plaintiff has not alleged that any interested parties were prevented from attending any hearing with respect to plaintiff's termination.