Allan R. COCKLEREECE

v.

Dora Dodge MORAN, Thomas Patrick McGlon, Philip J. Fleming, Daniel Moran, James W. Feeney, Natural Resources, S.A., Intercontinental Financial Investments, Inc., Darnley Investments, Ltd., Hartford Construction Company, Ltd., Michael Marion, Jean Feeney, Lional Leeds, Oaks–Darby, Ltd., Coopers & Lybrand, Theresa McGlon and Augustin J. San Fillip.

COOPERS & LYBRAND (U.S.) and Coopers & Lybrand (International), Third–Party Plaintiff,

v.

Terence B. PHILLIPS, Third–Party Defendant.

Civ. A. No. 78–10 A.

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 29, 1980.

Martin D. Chitwood, Stowers, Starkey & Roane, Joseph J. Schafrik, Atlanta, Ga., for plaintiff.

Irving M. Weiss, P. A., Pompano Beach, Fla., for James W. Feeney, Oaks–Darby Ltd., Michael Marino, Jean Feeney and Lionel Leeds.

James A. McCauley, Fort Lauderdale, Fla., J. M. Raffauf, Atlanta, Ga., for Dora Dodge Moran.

F. Carter Tate, Atlanta, Ga., for Daniel Moran and Natural Resources, S. A.

Sidney O. Smith, William C. Humphreys, Jr., Peter Q. Bassett, Atlanta, Ga., for Coopers & Lybrand U. S. & International.

Joseph Crooks, Earle B. May, Jr., Atlanta, Ga., for Coopers & Lybrand (Grand Bahamas) and F. Julian Snowden.

J. Britten Miller, Jr., Ellijay, Ga., for Terence B. Phillips.

Mallory E. Horne, Tallahassee, Fla., for Theresa McGlon.

Thomas Bentley, Gary L. Seacrest, Atlanta, Ga., for Augustin J. San Fillip.

Paul W. Sloniowski, Atlanta, Ga., for Darnley Investments, Ltd. and Thomas P. McGlon.

## ORDER

RICHARD C. FREEMAN, District Judge.

Plaintiff alleges in this diversity action for fraud that defendants Coopers & Lybrand (Grand Bahamas) (hereinafter C&L (Bahamas)) and Julian Snowden, a partner in the C&L (Bahamas) firm, prepared fraudulent financial reports on a Bahamian company named Tamarind Developments, Ltd. (hereinafter Tamarind) and that plaintiff was shown these statements and relied on them to his detriment. The action is currently before the court on (1) the motion of defendants C&L (Bahamas) and Julian Snowden to dismiss for lack of in personam jurisdiction, Rule 12(b)(2), Fed.R.Civ.P. and (2) plaintiff's motion to enter default and for default judgment against defendant James A. Shackleford, Rule 55, Fed.R.Civ.P.

### MOTION TO DISMISS

On May 15, 1980, this court ruled that plaintiff had not shown purposeful activity by defendants within the state required by the Georgia Long–Arm Statute, Ga.Code § 24.113.1, and that defendants did not have the minimum contacts with the forum required by the due process clause. *See Shellenberger v. Tanner*, 138 Ga.App. 399, 227 S.E.2d 266 (1976). Plaintiff put forth, however, two other theories on which, he contended, personal jurisdiction over movants would be proper. He asserted that there was an agency relationship or conspiracy between the movants and two prospective purchasers of Tamarind, Thomas P. McGlon and Philip J. Fleming, who induced plaintiff to invest money based on the fraudulent audits. Alternatively, plaintiff argued that movants are subject to the jurisdiction of this court because they are members of an international partnership, two other members of which, C&L (International) and C&L (United States), are already before this court as defendants. Under plaintiff's theory, the C&L offices are, therefore, jointly and severally liable for the acts of the other partners.

In our May 15, order, we stated:

If all plaintiff intends to prove is that movants had a financial interest in Tamarind and its sale, that they violated ethical accounting canons, that they executed a fraudulent audit in the Bahamas on a private company, and that plaintiff relied on that audit to his detriment, personal jurisdiction over movants cannot be exercised by this court. But if plaintiff intends to show that movants knew that McGlon and Fleming were going to carry the allegedly fraudulent statement to the United States for the purpose of raising funds, or that all Coopers & Lybrand offices form a network of partnerships

that are jointly and severally liable for the actions of each other, plaintiff may be able to prove facts which would permit the exercise by this court of personal jurisdiction over movants.

Order of May 15, 1980, at 8–9. We deferred ruling on defendants' motion to dismiss for sixty days to permit plaintiff an opportunity to engage in limited discovery to gather facts to make a prima facie showing of personal jurisdiction.

Defendants raised in their motion a view of the facts of this case that differs from plaintiff's version. By affidavit and other documentation, movants abjured any agency or conspiratorial relationship with defendants McGlon and Fleming, and disclaimed any partnership among the Coopers & Lybrand offices involved in this litigation. Plaintiff has now returned with some support for his jurisdictional claims, which conflicts with the materials submitted earlier by movants.

■ Plaintiff has excerpted portions of a deposition of Philip J. Fleming, one of the defendants, relating to communications between Fleming and the movants. In essence, Fleming's deposition shows that movants were aware in the spring of 1977, before plaintiff paid his $30,000 in earnest money to McGlon and Fleming on July 9, 1977, that the Tamarind audit opinion would be used in the United States in Pennsylvania and Louisiana for the purpose of raising funds from American citizens. *See* Plaintiff's Supplemental Brief filed July 15, 1980 at 2–7. What plaintiff's additional evidence fails to present, however, is any connection between movants' actions and intentions and the State of Georgia. A relationship or transaction between the plaintiff and non–resident defendants is not the equivalent of a contact between the defendants and the forum itself. As the Georgia Court of Appeals states in *Shellenberger v. Tanner*, 227 S.E.2d at 274, 275:

When a nonresident engages in some activity with or in the forum, even a significant single transaction, whether he be physically present there or not, and as a result business is transacted or a tortious

injury occurs, a jurisdictional "contact" exists between that nonresident and the forum. But when the unilateral actions of a forum plaintiff merely involve or somehow relate to a nonresident who has in no way conducted some activity with or in the state, there may be a "connection" between the nonresident and the plaintiff but there is no "contact" between the nonresident and the forum such that jurisdiction will lie.... We therefore hold that the mere allegation that as a result of an act or omission by a nonresident outside this state an injury has occurred to a Georgia plaintiff does not establish a "contact" with this forum in the absence of an implicit or explicit showing of activity with or in Georgia by the nonresident.

■ The only relationship Mr. Fleming's deposition reveals between movants and the United States is that movants knew that Mallory Horne, who is not a defendant in this case, intended to use the financial statement to convince potential "clients" in Louisiana and Pennsylvania to invest in Tamarind. Although movants knew of the existence of McGlon and Fleming and their connection with Horne, there is nothing in plaintiff's supplemental materials to controvert defendants' affidavits denying any conspiracy or agency relationship with McGlon and Fleming, or knowledge of their intention to use the audit in Georgia. Mr. Fleming admits he or Mr. McGlon showed the financial statement to a bank in Thomasville, Georgia, and plaintiff alleges he and his accountant were shown the audit in Atlanta, Georgia. *See* Plaintiff's Supplemental Brief at 14–15. But there is no indication that movants either knew about or acquiesced in the use of the audit in Georgia. When the financial statement was sent to the United States, it was sent to Mallory Horne in Pennsylvania. Plaintiff has not shown that movants authorized McGlon and Fleming to act for them in any way, or that movants, McGlon and Fleming conspired to defraud plaintiff or anyone else in Georgia. Plaintiff has failed to show a sufficient connection between mov-

ants and this forum under an agency or conspiracy theory to rebut movants' affidavits and subject them to the jurisdiction of this court.

■ Plaintiff's second modification of the agency theory—that movants are members of an international Coopers & Lybrand partnership, each member of which is jointly and severally liable for the acts of the others—also fails. Plaintiff bases his argument on the listing of C&L (Bahamas) as a member firm of the international firm of Coopers & Lybrand in its recruiting publication "Exit the Green Eyeshade," on the listing of the Bahamas office in the Coopers & Lybrand International Firm Agreement (Agreement), and on a complaint filed by Coopers & Lybrand in the Southern District of New York.

It appears from the record that C&L (Bahamas) is indeed, a "participating firm" in the international firm of Coopers & Lybrand. But there is no indication that all the "participating firms" are partners in the legal sense of sharing joint and several liability for the liabilities and torts of the other member firms, or of acting as agents for each other. The Agreement does not mention the word partnership in its terms but refers only to the "association" of the member firms. The purpose of the international firm is apparently to protect the integrity of the name "Coopers & Lybrand" and to see that the members adhere to professional and ethical standards. The Agreement, in fact expressly states that member firms shall not be responsible for the liabilities or torts of any other member firm. *See* Plaintiff's Brief in Opposition

1. Plaintiff also attaches to its Supplemental Brief a pleading styled as a "motion for a continuance." Plaintiff states that, in a "substantially similar matter," the Superior Court of Fulton County, Georgia, determined that it had jurisdiction over C&L (Bahamas) and that ruling is now on appeal to the Georgia Court of Appeals. Plaintiff requests that we delay ruling on defendants' motion to dismiss until the pending state appeal is concluded, because the ruling by the Court of Appeals "will be determinative" of the issues in the motion currently before this court.

filed January 28, 1980, Exhibit A, International Firm Agreement at 2.

The complaint filed in New York also does not show an "international partnership." The plaintiff in the New York suit is Coopers & Lybrand (United States) which has its principal place of business in New York and which is already a defendant in the instant suit. There is no mention or admission in the New York pleading that C&L (Bahamas) is a partner of C&L (United States). In fact, C&L (United States) states in the complaint that C&L (Bahamas) "is a separate entity from the plaintiff herein." Plaintiff's Supplemental Brief filed August 25, 1980 at 5.[1] The court must conclude that plaintiff has failed to state sufficient facts to make a prima facie showing under either an agency or partnership theory that movants had or have a sufficient relationship to the State of Georgia to permit this court to exercise personal jurisdiction over them.

## MOTION FOR DEFAULT AND DEFAULT JUDGMENT

■ Plaintiff seeks the entry of default and default judgment against defendant James A. Shackleford, Rule 55, Fed.R.Civ.P. Defendant has not filed an answer to the complaint or otherwise appeared in this action. Entry of default by the clerk of the court is, therefore, proper at this time.

Plaintiff also requests that "default judgment as to liability" be entered but that the amount of damages "be held in abeyance pending conclusion of the original action." Plaintiff's Motion for Default Judgment at 1. The entry of default is the equivalent of

Although the two suits are alleged to be "substantially similar," plaintiff does not relate how they are alike or how *issues determined in* the state case will be determinative of the issues before this court. Plaintiff, obviously, cannot pursue two separate suits on the same cause of action or based on identical facts. The determination of personal jurisdiction is primarily a factual inquiry and differs from case to case. We have no reason to believe, from the materials before us, that the pending state appeal will determine the issue before this court, and we therefore refuse to delay ruling on the instant motion.

"default judgment as to liability." We will not enter default judgment against defendant as to damages until the conclusion of the pending action.

Accordingly, the motion of defendants Coopers & Lybrand (Grand Bahamas) and F. Julian Snowden to dismiss the complaint is GRANTED. The Clerk of the Court shall DISMISS these defendants from this action. The motion of plaintiff for entry of default against defendant James A. Shackleford is GRANTED.

IT IS SO ORDERED.