**James R. TRESSLER, Plaintiff,**

v.

**The BOROUGH OF RED LION and Raymond E. Arnold, Jr., in his individual and official capacity as Borough Manager of Red Lion, Defendants.**

Civ. A. No. 88–0308.

United States District Court,
M.D. Pennsylvania.

June 1, 1988.

Lawrence F. Clark, Jr., Clark, Smith & Clough, P.C., Harrisburg, Pa., for plaintiff.

Donald B. Hoyt, Blakey, Yost, Bupp & Schaumann, York, Pa., for defendants.

*MEMORANDUM*

CALDWELL, District Judge.

I. *Introduction.*

Defendants, The Borough of Red Lion and its manager, Raymond E. Arnold, have moved to vacate the default which was entered against them on April 6, 1988. They have also filed a motion to dismiss, or in the alternative, for summary judgment.

II. *Background.*

Plaintiff, James R. Tressler, filed his complaint on February 25, 1988. Count I sets forth a 42 U.S.C. § 1983 claim based upon defendants' violation of plaintiff's due process rights in connection with the determination of his disability status as a police officer with the Borough. Count II contains a pendent state law claim for intentional infliction of emotional distress. Defendants were served with process on March 2, 1988 but failed to answer the complaint within twenty days as required by Fed.R.Civ.P. 12(a). Approximately two weeks after the time period for responding expired, plaintiff requested that a default be entered and the clerk did so on April 6, 1988. Immediately thereafter, plaintiff moved for a default judgment but, while this motion was pending, defendants filed their answer to the complaint and their motion to vacate the default.

## III. *Discussion.*

Defendants assert that the default should be vacated because "the press of business" in this and other matters prevented the filing of a timely answer and that plaintiff would not be prejudiced by granting the motion. While defendants make no reference to the case law under Fed.R.Civ.P. 55(c), dealing with motions to set aside a default, it nevertheless appears that the motion can be granted in part under the governing law. Rule 55(c) provides, in pertinent part, that "[f]or good cause shown the court may set aside an entry of default...." (brackets added). In *Quaker Valley School District v. Employers Mutual Liability Insurance Co.*, 96 F.R.D. 423 (W.D.Pa.1983), Judge Mansmann, then a district court judge, summarized the guiding considerations as follows:

Defaults are not favored and any doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits. *See Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir., 1982).

Less substantial grounds may be sufficient to set aside a default than are required to open a default judgment. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir., 1982). "Thus, '(a)ny of the reasons sufficient to justify the vacation of a default judgment under Rule 60(b) normally will justify relief from a default entry and in various situations a default entry may be set aside for reasons that would not be enough to open a default judgment.'" *Id.* quoting 10 C. Wright & A. Miller [M.K. Kane], Federal Practice and Procedure § 2696 at 334 (1973).

Three factors relevant to the Court's exercise of discretion under Rule 55(c) are: (1) whether the Plaintiff will be prejudiced if the entry of default is set aside, (2) whether the Defendant has asserted a meritorious defense to the claim, and (3) whether culpable conduct on the part of the Defendant led to the default. *Id.* at 424.

■ We do not believe that plaintiff will be prejudiced by setting aside the default.

Postponement of satisfaction on the claim does not establish the requisite prejudice and no other prejudice has been advanced. There has also been no culpable conduct on the part of the defendants. There has only been an admission on the part of defense counsel of some inadvertence or negligence which does not rise to the level of wilfulness or bad faith required for a finding of culpability. *See Farnese v. Bagnasco*, 687 F.2d 761 (3d Cir.1982).

The motion must fail, however, as to Count I of the complaint, because defendants have not asserted a meritorious defense, the "critical issue" in disposing of the motion. *See United States v. $55,518.05 In U.S. Currency*, 728 F.2d 192, 195 (3d Cir.1984) ("This is the critical issue because without a meritorious defense [defendant] could not win at trial. Therefore, there would be no point in setting aside the default judgment ... if [defendant] could not demonstrate the possibility of his winning.") (brackets added).

Based upon the complaint and answer the material facts of the due process claim are not in dispute. Plaintiff was a tenured police officer with the Borough when he suffered a back injury in the course and scope of his employment while loading a sign into the trunk of the Borough police car on August 24, 1986. Thereafter, plaintiff was considered temporarily disabled and received full salary and benefits pursuant to the Heart and Lung Act. 53 P.S. § 637 (Purdon Supp.1987–88). On September 28, 1987, defendant Arnold, with the approval of the Borough Council, sent a written notice to the plaintiff, stating that "[i]n accordance with a letter received from Dr. Kruper, as of August 21, 1987, you are no longer employable as a police officer." (Complaint, Exhibit B) (brackets added). The letter established plaintiff's termination date as September 23, 1987. Plaintiff further contends that his salary and benefits ceased on that date. While defendants contest the latter allegation, the exact date of cessation of benefits is immaterial to the due process claim. It is undisputed that plaintiff is no longer on the

police force and that his removal occurred without a pre-termination hearing.

■ The Borough and Arnold defend on the basis that no due process violation occurred. They point to the statutory authority to remove police officers based upon a physical disability found in the Borough Code. The Code at 53 P.S. § 46190 (Purdon Supp.1987–88) provides, in pertinent part, as follows: "No person employed in any police or fire force of any borough shall be suspended, removed or reduced in rank except for the following reasons: (1) Physical or mental disability affecting his ability to continue in service, in which cases the person shall receive an honorable discharge from service." They also cite the procedural framework for contesting a removal found at section 46191. That section provides, in pertinent part, as follows:

> If the person suspended, removed or reduced in rank shall demand a hearing by the [civil service] commission, the demand shall be made to the commission. Such person may make written answers to any charges filed against him not later than the day fixed for hearing. The commission shall grant him a hearing which shall be held within a period of ten days from the filing of charges in writing, unless continued by the commission for cause at the request of the council or the accused. At any such hearing, the person against whom the charges are made may be present in person and by counsel.

53 P.S. § 46191 (brackets added).

Citing *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), defendants argue that, when a state intertwines a property right with a procedure to be used to protect that right, an aggrieved party must accept the process provided by the state. When there has been no violation of the state process, there can be no due process claim. Defendants also cite *Olson v. Borough of Homestead,* 417 F.Supp. 784 (W.D.Pa.1976), *aff'd without opinion,* 568 F.2d 769 (3d Cir.1978) (table) in their support.

In *Arnett,* a plurality of the Court found that the due process rights of a discharged federal employee had not been violated by the procedure provided to test the validity of the discharge. The employee claimed he had the right to a trial type hearing before discharge. The government relied upon regulations providing only an opportunity to submit oral and written objections along with affidavits prior to any adverse action. Then Associate Justice Rehnquist, joined only by Chief Justice Berger and Justice Stewart, reasoned as follows in concluding that no due process violation had occurred:

> Here appellee did have a statutory expectancy that he not be removed other than for "such cause as will promote the efficiency of [the] service." But the very section of the statute which granted him that right, a right which had previously existed only by virtue of administrative regulation, expressly provided also for the procedure by which "cause" was to be determined, and expressly omitted the procedural guarantees which appellee insists are mandated by the Constitution.... Where the focus of legislation was thus strongly on the procedural mechanism for enforcing the substantive right which was simultaneously conferred, we decline to conclude that the substantive right may be viewed wholly apart from the procedure provided for its enforcement. The employee's statutorily defined right is not a guarantee against removal without cause in the abstract, but such a guarantee as enforced by the procedures which Congress has designated for the determination of cause.

*Id.* at 151–52, 94 S.Ct. 1643, 40 L.Ed.2d at 32.

This rationale was relied upon by the district court in *Olson, supra,* in dealing with a due process challenge to the statutory provisions at issue in the instant case. In *Olson,* the court concluded that the plaintiff, a discharged police officer of the defendant Borough, had been accorded his federal due process rights when the requirements of section 46191 had been satisfied. The court stated:

> Where such a procedural mechanism is provided to enforce a substantive right which is simultaneously conferred, the

substantive right may not be viewed wholly apart from the procedure provided for its enforcement. As Justice Rehnquist wrote in *Arnett v. Kennedy*, 416 U.S. 134, 153–154, 94 S.Ct. 1633, 1644, 40 L.Ed.2d 15 (1974),

> "where the grant of a substantive right is inextricably intertwined with the limitations on the procedures which are to be employed in determining that right, a litigant in the position of [the plaintiff] must take the bitter with the sweet."

*Id.* at 787–88 (brackets added in *Olson*).

Plaintiff attempts to distinguish *Arnett* by noting that it involved a federal employee and a federal regulation, that the Heart and Lung Act requires a due process hearing before plaintiff can be determined to have a permanent disability justifying discharge, and that *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981), establishes that plaintiff has a due process right to a pre-discharge hearing on the issue of the permanency of his disability.

The *Olson* case supports defendants and was reasonably decided, given the state of the law at the time of the decision. However, we cannot accept defendants' position now in light of *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). *Loudermill* rejected the notion that a property right conferred by state law could be qualified by an intertwining state procedure enacted in connection with that right. The Ohio legislation at issue in *Loudermill*, like that in the instant case, authorized the discharge of a state employee for cause while providing the opportunity for a full post-termination administrative review. Discussing the *Arnett* case, the court stated:

> [T]he "bitter with the sweet" approach misconceives the constitutional guarantee. If a clearer holding is needed, we provide it today. The point is straightforward: the Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutional-

ly adequate procedures. The categories of substance and procedure are distinct. Were the rule otherwise, the Clause would be reduced to a mere tautology. "Property" cannot be defined by the procedures provided for its deprivation any more than can life or liberty. The right to due process "is conferred, not by legislative grace, but by constitutional guarantee. While the legislature may elect not to confer a property interest in [public] employment, it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards." *Arnett v Kennedy, supra,* [416 U.S.] at 167, 40 L Ed 2d 15, 94 S Ct 1633 [1650] (Powell, J., concurring in part and concurring in result in part); see id., at 185, 40 L Ed 2d 15, 94 S Ct 1633 [1659] (White, J., concurring in part and dissenting in part).

> In short, once it is determined that the Due Process Clause applies, "the question remains what process is due." *Morrissey v Brewer,* 408 US 471, 481, 33 L Ed 2d 484, 92 S Ct 2593 [2600] (1972). The answer to that question is not to be found in the Ohio statute.

*Id.* 470 U.S. at 541, 105 S.Ct. at 1493, 84 L.Ed.2d at 503 (brackets added in part). Balancing the interests involved, and recognizing that a post-discharge administrative review was available, the Court went on to conclude that a pre-termination hearing was required by the due process clause. In connection with that hearing, the Court stated:

> The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.

*Id.* at 546, 105 S.Ct. at 1495, 84 L.Ed.2d at 506.

*Loudermill* has been followed in the Third Circuit. *See Morton v. Beyer,* 822 F.2d 364 (3d Cir.1987); *Gniotek v. City of Philadelphia,* 808 F.2d 241 (3d Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 2183, 95 L.Ed.2d 839 (1987).

■ It cannot be disputed that section 46190 confers a property right upon plain-

tiff in his employment. In essence, the section permits discharge of a police officer only for cause. It is also obvious that the *Loudermill* pre-termination hearing did not take place in this case. Defendants admit they discharged plaintiff without giving him an opportunity to show his disability was only temporary and they defend upon the erroneous belief that such an opportunity was not required. Accordingly, they have no meritorious defense to the due process claim in Count I of the complaint and default will not be set aside on that count.[1]

Count II of the complaint sets forth a claim for intentional infliction of emotional distress. In neither the motion to vacate default or in the motion to dismiss do the defendants assert a defense to this claim. The motion to dismiss Count II is based only upon a lack of pendent jurisdiction and the assumption that the civil rights claim is not actionable. Nevertheless, we have decided in our discretion to set aside the default on this claim. As noted, two of the three specific factors we must consider have already been satisfied. And defendants' answer denies the allegations of Count II. Since the tort of intentional infliction of emotional distress is reserved only for conduct beyond all possible bounds of decency or which is atrocious or utterly intolerable, *see Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81 (3d Cir.1987), a meritorious defense can be presented on this claim and default on Count II will be set aside.

Since default has not been set aside as to Count I, we must deal with plaintiff's mo-

tion for default judgment. That motion requests injunctive relief; specifically, plaintiff's reinstatement as a police officer. That relief may have been appropriately entered in a default judgment if defendants had not contested this action. Since they have done so, however, default judgment is not appropriate at this time. The better procedure is to leave the default in place on Count I, which will establish the liability of the defendants, *see Fehlhaber v. Indian Trails, Inc.*, 425 F.2d 715 (3d Cir.1970) (per curiam), and to leave the question of an appropriate remedy to other proceedings in this matter. *See Brinton v. Gaffney*, 554 F.Supp. 388 (E.D.Pa.1983), *Cocklereece v. Moran*, 500 F.Supp. 487 (N.D.Ga.1980).

We will issue an appropriate order.

## ORDER

AND NOW, this 1st day of June, 1988, it is ordered that:

1. Defendants' motion to vacate default is granted in part. Default on Count II of the complaint is set aside. In all other respects, the motion is denied.

2. Plaintiff's motion for a default judgment is held in abeyance pending resolution of an appropriate remedy, including the amount of damages to be awarded.

3. Defendants' motion to dismiss, or in the alternative, for summary judgment is denied.

---

1. Based upon the above discussion, even if we did decide to set aside the default, and consider defendants' motion to dismiss on the merits, we would have to deny the motion.

We also note here our disagreement with plaintiff that the Heart and Lung Act and the *Callahan* case support his due process claim. Mere reference to the Heart and Lung Act, without more, does not establish a property right or a concomitant right to due process. The *Callahan* case dealt solely with the procedural requirements of state law. State law does not dictate the requirements of federal due process, *see Loudermill, supra,* and a state law violation by itself cannot be remedied by way of a federal civil rights action. *See Braderman v. Pennsylva-*

*nia Housing Finance Agency,* 598 F.Supp. 834, 840 n. 3 (M.D.Pa.1984).

We do not read Count I as setting forth a pendent state law claim for a violation of state created procedures requiring a pre-discharge hearing. While such a claim can be inferred in the count, the claim for injunctive and monetary relief in Count I is predicated solely upon federal due process. Additionally, we are unsure of the basis in state law for granting such relief. *Callahan* did not involve claims for injunctive or monetary relief; just an attempt on the part of the plaintiff to obtain the state mandated hearing that should have occurred before the Borough's decision to fire him.