431 A.2d 946

**Walter W. CALLAHAN, Appellant**

v.

**PENNSYLVANIA STATE POLICE.**

Supreme Court of Pennsylvania.

Argued May 19, 1981.

Decided July 8, 1981.

Application for Reargument Denied Jan. 26, 1982.

462

Gary M. Lightman, Lawrence J. Neary, Harrisburg, for appellant.

John L. Heaton, Asst. Atty. Gen., for appellee.

Before ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

NIX, Justice.

Appellant Callahan was a member of the Pennsylvania State Police and was classified "temporarily disabled" under the Heart and Lung Act[1] which entitled him to his full salary as long as he remained in that status. The State Police Medical Officer and an official in the State Workmen's Insurance Fund unilaterally determined that his disability was no longer temporary but permanent and that he was not entitled to the Heart and Lung benefits. On January 5, 1978 Mr. Callahan received a letter from the Bureau of Personnel of the Pennsylvania State Police informing him that as of February 22, 1978 all benefits which he had been receiving under provisions of the "Heart and Lung Act" would be terminated. 53 P.S. § 637 (Supp. 1981–82).

Appellant immediately requested a hearing. Without being afforded the requested hearing, his benefits were terminated on February 22, 1978. On March 3, 1978, he filed a "petition for review" in the Commonwealth Court. On appellee's motion, the Commonwealth Court quashed the petition as untimely. Subsequently allocatur was granted and this appeal followed.

1. Act of June 28, 1935, P.L. 477, § 1, 53 P.S. § 637, *as amended* May 31, 1974, P.L. 309, No. 99, § 1, 53 P.S. § 637 (Supp. 1981–82).

The Commonwealth Court held that the letter of January 5, 1978 informing appellant that his disability status would be changed from temporary to permanent was an adjudication pursuant to 71 P.S. § 1710.2(a)[2] because it announced a final determination of his property rights. The court reasoned that whether the petition for review invoked its original or its appellate jurisdiction, the result would be the same. It held that because the letter was an adjudication and therefore invoked the court's appellate jurisdiction, an appeal was required within 30 days. Since the appeal was filed more than 30 days after January 5, 1978, the Commonwealth Court entered an order quashing it as untimely.

The court further concluded that if the action instituted by appellant was to be construed as an invocation of its original jurisdiction then that action would be barred because of the availability of the appeal from the adjudication. Thus original jurisdiction would be precluded because of the failure of appellant to proceed through the administrative process.

The key to the Commonwealth Court's holding was its judgment that the letter of January 5, 1978 constituted an adjudication. Appellant argues that the Commonwealth Court's ruling that the letter was an adjudication offends the requirements of procedural due process. Appellant's position is obviously correct but, in addition thereto, it is also clear that the letter in question did not comply with an adjudication as required by the terms of the Administrative Agency Law.

2.    (a) "Adjudication means any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made, but shall not mean any final order, decree, decision, determination or ruling based upon a proceeding before a court, or which involves the seizure or forfeiture of property, or which involves paroles or pardons.
    Act of June 4, 1945, P.L. 1388, § 2(a); 71 P.S. § 1710.2(a) repealed 1978, April 28, P.L. 202, No. 53, § 2(a) [1244], effective June 27, 1978 (current version at 2 Pa.C.S.A. § 101).

The Administrative Agency Law expressly requires an agency to supply an aggrieved party notice of a hearing and an opportunity to be heard. Section 1710.31 [3] provides:

No adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record should be kept of the proceedings.

Act of June 4, 1945, P.L. 1388, § 31, 71 P.S. § 1710.31.

■ Adjudicatory action cannot be validly taken by any tribunal, whether judicial or administrative, except upon a hearing wherein each party has opportunity to know of the claims of his opponent, to hear the evidence introduced against him, to cross-examine witnesses, to introduce evidence on his own behalf, and to make argument. *Pa. State Athletic Commission v. Bratton*, 177 Pa.Super. 598, 112 A.2d 422 (1955); *Byers v. Pennsylvania Public Utility Commission*, 176 Pa.Super. 620, 109 A.2d 232 (1955).

■ Here, the letter of January 5, 1978 did not constitute a valid adjudication within the meaning of 71 P.S. § 1710.31 because it failed to comply with the statutory requirements of notice of a hearing and an opportunity to be heard. The right of judicial review of an administrative decision occurs under section 1710.41 [4] only when there has been an adjudication as defined under the Administrative Agency Law. Having concluded that the letter did not meet the Act's requirement of an adjudication, it therefore follows that the letter did not provide a basis for an appeal under section 1710.41.

Since the letter was not a valid adjudication, the January 5, 1978 date has no legal significance. At best, it represent-

3. Act of June 4, 1945, P.L. 1388, § 31, 71 P.S. § 1710.31 repealed, 1978, April 28, P.L. 202, No. 53, § 2(a) [1244], effective June 27, 1978 (current version at 2 Pa.C.S.A. § 504).

4. Act of June 4, 1945, P.L. 1388, § 41, 71 P.S. § 1710.41 repealed, 1978, April 28, P.L. 202, No. 53, § 2(a) [1244], effective June 27, 1978 (current version at 2 Pa.C.S.A. § 702).

ed an expression of appellee's intention to act in a certain manner. It was not until the anticipated action was actually taken on February 22, 1978 that appellant had a legal basis to complain. In the interim, he did all that could be done, i. e., requested the opportunity to contest the proposed action. Having been denied that opportunity when the termination in fact occurred, his right to complain of that action ripened.

■ We further note that appellant in this complaint was in fact seeking the invocation of the Commonwealth Court's original jurisdiction. The essence of his complaint is that his benefits were terminated without his having been afforded an adjudication as required by the Act. Since he is claiming that there is no adjudication, then an appeal under section 1710.41 would be inconsistent with his theory because that section conditions the right of an appeal on the existence of an adjudication. Thus if we strictly adhere to the procedural requirements of the Act in this situation, appellant's claim must be construed as an appeal to the Commonwealth Court's original jurisdiction.

■ Nor does the fact of the review provided under section 1710.41 preclude his appeal to the court's original jurisdiction. There is no problem of exhaustion of remedies in this case because, as has been stated, his right of review under section 1710.41 was not available to him directly because of the conduct of which he complains.

Accordingly, the Order of the Commonwealth Court is reversed and the cause is remanded to that Court to direct the Reinstatement of the order of compensation and to order the appropriate agency to conduct an administrative hearing on the question of the termination of benefits in accordance with the terms of the Administrative Agency Law.

O'BRIEN, C. J., and WILKINSON, J., did not participate in the consideration or decision in this case.