577 A.2d 238

**Donald R. GLOTFELTY, V.M.D., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, STATE BOARD OF VETERINARY MEDICINE, Respondent.**

**No. 764 C.D.1989.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1990.

Decided July 11, 1990.

Timothy G. Wojton, for petitioner.

Peter K. Bauer, Counsel, State Bd. of Veterinary Medicine, with him, Joyce McKeever, Chief Counsel, Bureau of Professional and Occupational Affairs, and Velma Z. Boozer, Chief Counsel, Dept. of State, for respondent.

Before CRUMLISH, Jr., President Judge, PELLEGRINI, J., and SILVESTRI, Senior Judge.

CRUMLISH, Jr., President Judge.

Donald R. Glotfelty appeals a State Board of Veterinary Medicine (Board) decision suspending his veterinarian's license for two years. We vacate and remand.

The Board filed an administrative complaint against Glotfelty, charging violations of Sections 21(4) and 21(12) of the Veterinary Medicine Practice Act (Act).[1] Following a hearing, the Board dismissed the complaint without prejudice based on insufficient evidence. The Board subsequently granted the Commonwealth's request for reconsideration and leave to amend the complaint. The amended complaint contained the original charges as well as new charges for Section 21(1) violations.[2] Without further hearings, the Board again dismissed the Section 21(4) and 21(12) charges and imposed a two-year license suspension based on the Section 21(1) violations.

■ Glotfelty contends that an administrative complaint may not be amended to include new counts after the close of hearings and, if such an amendment procedure is permitted, hearings must be held in order to address the new violations. We agree.

■ Due process rights in the context of an administrative proceeding are guaranteed by Section 504 of the Administrative Agency Law, which reads in pertinent part, as follows: "No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." 2 Pa.C.S. § 504.

Having dismissed the violations of Sections 21(4) and 21(12), the Board based the suspension solely on the Section 21(1) violations. The Board did not hold a hearing following

1. Act of December 27, 1974, P.L. 995, *as amended,* 63 P.S. §§ 485.21(4) (fraud, deception, misrepresentation or illegal practices in connection with the practice of veterinary medicine); 485.21(12) (violating standards of professional conduct in connection with the practice of veterinary medicine).

2. Section 21(1), 63 P.S. § 485.21(1), prohibits willful or repeated violations of any provision of the Act or any Board rules.

the amendment of the complaint, asserting that all factual evidence had been presented previously and only legal issues remained to be decided. Because no hearing was held following the amendment of complaint, Glotfelty was precluded from addressing the Section 21(1) violations. Contrary to the Board's assertions, opportunity to address charges in a responsive pleading is insufficient to satisfy due process requirements. Our Supreme Court has held that an adjudication is invalid "except upon a hearing wherein each party has opportunity to know of the claims of his opponent, to hear the evidence introduced against him, to cross-examine witnesses, to introduce evidence on his own behalf, and to make argument." *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 465, 431 A.2d 946, 948 (1981).

Because new charges were brought against Glotfelty after close of the hearing, the Board denied him the opportunity to hear the evidence as it related to those new charges or to cross-examine witnesses and introduce exculpatory evidence as to those charges. Consequently, we hold that the Board denied Glotfelty his due process rights and vacate and remand to the Board in order to conduct hearings on the amended complaint.

## ORDER

The order of the State Board of Veterinary Medicine, No. 86–57–1648 dated March 23, 1989, is vacated, and the case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.