628 A.2d 908

**CITY OF PITTSBURGH and Civil Service Commission of the City of Pittsburgh, Appellants,**

v.

**George T. TROSKY, Victor M. Cirocco, Douglas A. McKeekin, Barbara L. Mihalow, and Paul Cygrymus, Appellees.**

**James GREGORCHIK,**

v.

**CIVIL SERVICE COMMISSION, City of Pittsburgh, Appellants.**

Commonwealth Court of Pennsylvania.

Argued March 2, 1993.

Decided June 25, 1993.

Reargument Denied Aug. 31, 1993.

Richard J. Joyce, Asst. City Sol., for appellants.

Bryan Campbell, for appellees.

Before DOYLE and PALLADINO, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Before this Court are consolidated appeals by the City of Pittsburgh (City) and the Civil Service Commission of the City

of Pittsburgh (Commission) from two orders of the Court of Common Pleas of Allegheny County. In the first order under review (docketed in this Court as No. 1693 C.D.1992) the trial court directed that two individuals (George T. Trosky and Victor M. Cirocco) be promoted to the rank of sergeant with backpay and benefits to December 10, 1990. The names of these individuals had previously been struck from an eligibility for promotion list by the Director of Public Safety of the City. In the case docketed here as 1694 C.D. of 1992, the trial court directed that James Gregorchik, an individual who had been promoted to the position of sergeant and then demoted, allegedly due to the City's use of improper procedures in effecting the promotion, be restored to the rank of sergeant with backpay and benefits.

The facts in this case were stipulated by counsel before the trial court which conducted no evidentiary hearing. Trosky, Cirocco and Gregorchik all took a test for promotion to the rank of sergeant (nine positions were to be filled) and all of their names appeared on a single certified list of twenty-two eligible names which was sent by the Civil Service Commission to the Director of Public Safety. Promotions within Pittsburgh's Bureau of Police are made pursuant to Section 6 of the Act of August 10, 1951, P.L. 1189, *as amended,* 53 P.S. § 23535 (Police Civil Service Act), which pertinently provides:

Vacancies in positions in the competitive class shall be filled by promotions from among persons holding positions in a lower grade in the bureau of police. Promotions shall be based upon merit to be ascertained by tests to be provided by the civil service commission and upon the superior qualifications of the person to be promoted as shown by his previous service and experience. The civil service commission shall maintain a list of those persons qualified for promotion to the next superior position, from which list the director of the department of public safety shall make all promotions from among the first four names appearing on the list at the time the promotion is to be made....

Prior to May of 1989 the City was of the view that if the name of a candidate for promotion had been passed over three times the Director of Public Safety had the authority to strike the candidate's name from the list. This procedure is specifically authorized in Section 14 of the Act of May 23, 1907, P.L. 206, *as amended,* 53 P.S. § 23446, known as the General Civil Service Act.[1] That section of the General Civil Service Act pertains not to promotions but to initial appointments and the General Civil Service Act is relevant with respect to police only to the extent that the Police Civil Service Act is silent on certain matters. Be that as it may, the City had, in reliance upon Section 14 of the General Civil Service Act, promulgated a rule (Rule VI) authorizing the Director to strike-off names passed over three times or more on the list.

On May 25, 1989, this Court issued its decision in *Civil Service Commission, City of Pittsburgh v. Paieski,* 126 Pa.Commonwealth Ct. 263, 559 A.2d 121 (1989), *petition for allowance of appeal denied,* 524 Pa. 635, 574 A.2d 75 (1990). The clear holding of that case was that the Public Safety Director of the City did *not* have the authority when selecting candidates for promotion from an eligibility list to strike-off any name because that name had been passed over a certain number of times. Despite that holding, which we reiterate was issued on May 25, 1989, the Public Safety Director in this case selected for promotion nine candidates to the position of sergeant in December 1990 and in that process struck the names of Trosky and Cirocco from the list. We reproduce below a chart exhibiting the way in which the nine candidates were selected noting that the name underlined in each group of four was the candidate selected in that round. We further make it clear that the Public Safety Director received from the Civil Service Commission an eligibility list containing twenty-two names rather than nine separate lists (one for each

1. This provision provides that appointments are to be made from the top three candidates on the eligible list. It also states that "after any name has been three times rejected, for the same or a similar position, in favor of a name or names below it on the same list, the said name shall be stricken from the list."

vacancy) each containing four names.[2]  The candidates were selected as follows:

| | 1. | | 2. | | 3. |
|---|---|---|---|---|---|
| | Gardner | | Gardner | | Dissen |
| | Dissen | | Dissen | | Trosky |
| | Trosky | | Trosky | | Cirocco |
| | Kondas | | Cirocco | | Marak |
| | 4. | | 5. | | 6. |
| | Trosky | | Trosky | | Cirocco |
| | Cirocco | | Cirocco | | Bochter |
| | Marak | | Fisher | | Degler |
| | Fischer | | Bochter | | McMeekin |
| | 7. | | 8. | | 9. |
| | Degler | | Degler | | McMeekin |
| | McMeekin | | McMeekin | | Mihalow |
| | Brown | | Mihalow | | Cygrymus |
| | Mihalow | | Cygrymus | | Gregorchik |

---

Trosky and Cirocco were each struck from the list after the *fifth* round in which their names appear because their names had been passed over more than three times.  This permitted the Public Safety Director to select a candidate lower on the list.  Had the Public Safety Director struck the names of Trosky and Cirocco after each had been passed over three times only, the names of additional officers on the list would have been reached and they would have become eligible for promotion.  No explanation has ever been offered why Trosky and Cirocco were struck by the Public Safety Director after five "pass overs" rather than three, even though the General Civil Service Act states that after three rejections such names

---

**2.**  We express grave reservations about the legality of this procedure.
As we said in *Paieski:*

> It is logically compelling . . . that if the mass certification of names to the Director of Public Safety must assume that *some* names will be passed over in order to attain the numbers indicated in Commission Rule VI, and, that by our decision today the Director is prohibited from striking *any* name from the list, then the mass certification procedure as it exists now *has* to be flawed.  Furthermore, since Commission Rule VI specifically refers only to Section 14 of the General Civil Service Act, which Section deals *only* with *original* appointments, the Commission's use of a mass certification procedure for promotion is additionally flawed.

*Id.* at 273–74, 559 A.2d at 126–27.

"*shall* be stricken from the list." [3]

Gregorchik, who was the ninth officer selected, and who was actually sworn in by the Mayor of the City on December 10, 1990, received a letter on December 13, 1990, from the Commission informing him that the City could not confirm his promotion. The following day he received a letter from the Chief of Police informing him that he was being demoted and returned to the rank of police officer. The basis for these letters was apparently the City's belated acknowledgement that it had not followed our dictates in *Paieski.* Thereafter, all three police officers sought a hearing before the Commission and in each case the request was denied by a letter from the Commission.[4] The three individuals then appealed to the common pleas court. Trosky and Cirocco contended before the common pleas court that the only adequate remedy for violation of their rights was an order directing their promotions to the rank of sergeant with backpay and benefits retroactive to December 10, 1990. Gregorchik contended that because he had been promoted to the rank of sergeant he could only lose his rank through the proper procedures to be followed for a demotion for which personnel action he was entitled to a hearing.[5] Absent a finding of just cause, *i.e.,* fault based conduct (which the City seems to concede does not

3. *See supra* n. 1.

4. Both letters were sent by the City of Pittsburgh, "Department of Personnel and Civil Service Commission." However, in the body of each letter it is clear that it came from the Commission. The January 4, 1991 letter regarding Trosky and Cirocco denied the request for a hearing because the "appointments were properly made in compliance with ... the Commonwealth Court decision in the case of the Civil Service Commission, City of Pittsburgh v. Joseph R. Paieski."

The letter of December 20, 1990 denying Gregorchik a hearing informed him that because he was never properly *promoted* to sergeant "therefore, there was no demotion." The reason of course he was never properly "promoted" was because *his* promotion was *improper* under our decision in *Paieski.* Thus, the Commission denied hearings in each case for a reason that contradicted itself in the other case.

5. Under Section 7 of the Police Civil Service Act, 53 P.S. § 23537, an officer cannot be involuntarily reduced in rank without just cause. This section also provides that the officer is entitled to a hearing.

exist in this case) Gregorchik contended that he was entitled to the rank of sergeant with backpay and benefits.

The City filed two motions to quash, one with respect to Trosky and Cirocco and the other with respect to Gregorchik. With regard to Trosky and Cirocco the City took the position that the Commission's letter denying the officers' request for hearing was not an "adjudication" within the meaning of 2 Pa.C.S. § 101 which defines the term as follows:

> Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding. . . .

Hence, the City argued, no appeal could be taken from that determination. With regard to Gregorchik the City argued that "because no hearing was conducted, the decision of the Civil Service Commission does not represent an "adjudication." [6] It is obvious that the City's argument is circuitous and self-proving; by denying a hearing the Commission would *make* the decision unappealable. In any event, the City argued that the trial court lacked jurisdiction to hear the cases as statutory appeals. The trial court denied both motions and then, upon facts stipulated to by the parties, entered the orders described above which are the basis of these appeals.

Before this Court the City makes three arguments. First, it contends that the common pleas court lacked jurisdiction to hear a statutory appeal taken from a letter issued by the Commission. Second, it contends that Officers Trosky and Cirocco are entitled to, at most, only reinstatement to the eligibility list. Finally, with regard to Gregorchik, it argues that because he was not promoted in accordance with the applicable civil service statutes he is not entitled to be reinstated to the promoted position of sergeant with backpay and benefits.

[6]. Under Section 752 of the Local Agency Law, 2 Pa.C.S. § 752, a person aggrieved by an adjudication has the right to appeal to the common pleas court.

■ We consider the jurisdictional issue first. We agree absolutely with the briefs submitted on behalf of the officers that the City's jurisdictional argument is based upon seriously flawed reasoning. Were the City's position in fact the law, agencies could arbitrarily deny hearings and be insulated from their pernicious actions because no right of appeal would exist despite the fact that the aggrieved individual had suffered the loss of a property right. Such reasoning is constitutionally inane. An adjudication is not defined by whether or not someone receives a hearing concerning a matter which has affected personal or property rights; rather, it must first be determined whether personal or property rights are affected and if they are, a hearing is required. Moreover, if the agency in question declines to conduct a constitutionally or statutorily required hearing, its denial is considered an "invalid adjudication" under *Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981), which may be appealed under the Local Agency Law[7] and the remedy is a remand for a hearing. *Callahan.* In this case, however, since the parties have stipulated to the relevant facts at the trial court level, there is no need for a remand. We thus move to the question of whether the trial court erred or abused its discretion in fashioning the remedies it did.

■ Considering first the situation of Trosky and Cirocco, the trial court, as noted, directed not that they be reinstated to the list of eligible candidates for promotion to sergeant but that they be promoted to the rank of sergeant with their promotions being retroactive to December 10, 1990. We observe first that in *Paieski* the remedy afforded was reinstatement to the eligibility list only. However, we specifically noted in *Paieski* that the only issue before the trial court was whether Paieski's name should be reinstated to the eligibility list. In short, Paieski had never sought to be promoted to the

7. See, *e.g., Gutherie v. Borough of Wilkinsburg,* 505 Pa. 249, 478 A.2d 1279 (1984). Further, to the extent it can be argued that the officers should have filed a mandamus action in the trial court instead of appealing the letters, the procedure suggested in *Callahan,* Section 708 of the Judicial Code, 42 Pa.C.S. § 708, allows the court to treat the appeal as a mandamus action.

higher ranking position. We thus specifically declined to rule on whether the trial court should have directed promotion to the position. In this instance Trosky and Cirocco have contended all along that they were entitled to instatement to the higher level position. Neither the General Civil Service Act nor the Police Civil Service Act specifies what remedy is appropriate when promotion procedures have been violated. Therefore, we believe that it was up to the trial court to determine what remedy was appropriate in this situation. We think that on the facts of this case, where the City and the Public Safety Director deliberately refused to abide by our decision in *Paieski,* and where the City has presented no argument or explanation as to why it refused to follow what was clearly binding precedent, the trial court's action was not an abuse of its discretion.

■ We now consider whether the reinstatement of Gregorchik to the promoted position was proper. As previously noted, Section 7 of the Police Civil Service Act, clearly provides that no employee in any competitive class may be "reduced in rank or pay without his written consent, except for just cause. . . ." This language creates a statutory property right for a police officer once he or she has been promoted to a particular position. Section 7 does not contain any language indicating that if the promotion was "by mistake" or "procedurally improper" that right does not accrue. We are not inclined to read exceptions into the law where there is no basis for doing so. We thus agree with the trial court, which stated, "if it smells like a promotion, feels like a promotion, and tastes like a promotion, it is a promotion." Inasmuch as Gregorchik was installed at an official proceeding by the Mayor of the City (he even received a letter from the Chief of Police congratulating him on his promotion) Gregorchik was in fact promoted. Accordingly, he cannot be demoted under Section 7 of the Police Civil Service Act without due process procedures being followed. Because the City does not even suggest at this point that it has just cause for the demotion, to remand for a hearing on whether just cause exists would be fruitless.

Accordingly, based upon the foregoing discussion, the orders of the trial court are affirmed.

## ORDER

NOW, June 25, 1993, the orders of the Court of Common Pleas of Allegheny County in the above-captioned matters are hereby affirmed.

PELLEGRINI, J., did not participate in the decision in this case.

PALLADINO, Judge, dissenting.

I respectfully dissent. Because I believe that the trial court abused its discretion in ordering the promotion of George T. Trosky and Victor M. Cirocco to the rank of sergeant and erred as a matter of law in ordering James Gregorchik restored to the rank of sergeant with back pay and benefits, I would reverse the order of the trial court and order Trosky and Cirocco reinstated to the appropriate eligibility list.

As correctly noted by the majority, the names of Officers Trosky and Cirocco were improperly removed from the list of eligible candidates for promotion to sergeant. Because the officers' names were removed by the City, using a method previously determined by this court to be inapplicable to promotions, the officers are entitled to relief. *Civil Service Commission, City of Pittsburgh v. Paieski,* 126 Pa.Commonwealth Ct. 263, 559 A.2d 121 (1989), *petition for allowance of appeal denied,* 524 Pa. 635, 574 A.2d 75 (1990). However, I disagree with the majority's conclusion that the trial court acted within its discretion in fashioning appropriate relief.

Promotions within the Pittsburgh Bureau of Police are made pursuant to Section 6 of the Policemen's Civil Service Act,[1] which provides in pertinent part as follows:

Vacancies in positions in the competitive class shall be filled by promotions from among persons holding positions in a lower grade in the bureau of police.... The civil service

1. Act of August 10, 1951, P.L. 1189, *as amended,* 53 P.S. § 23535.

commission shall maintain a list of those persons qualified for promotion to the next superior position, from which list the *director of the department of public safety shall make all promotions from among the first four names appearing on the list at the time the promotion is made.*

53 P.S. § 23535 (emphasis added).

According to the above-cited statutory language, promotions shall be made by the director of the department of public safety, not by a trial court. In addition, the director maintains the discretion to choose among four candidates for each available position. Because the director's actions are discretionary, Officers Trosky and Cirocco were not guaranteed promotion to the rank of sergeant simply by virtue of their names remaining on the list. There were only nine vacancies for the position of sergeant. These officers were passed over for promotion five times before their names were removed from the list of eligible candidates. There is absolutely no evidence of record to support the conclusion that Officers Trosky and Cirocco would have been considered by the director to be among the nine most qualified candidates for the position.

Therefore, I submit that the trial court, in ordering the promotion of Officers Trosky and Cirocco, usurped power statutorily reserved for the director of the department of public safety, and thereby abused its discretion. Accordingly, I would reverse the order of the trial court and order Trosky and Cirocco reinstated to the appropriate eligibility list.

I further disagree with the majority's conclusion that the trial court acted properly in ordering Officer Gregorchik restored to the rank of sergeant. According to the majority, because Gregorchik was sworn in by the Mayor and received a letter of congratulations from the Chief of Police, he was promoted to the rank of sergeant and obtained a statutory property right in that position. I submit that because Officer Gregorchik was not promoted to the rank of sergeant in accordance with the requirements of the Policemen's Civil

Service Act, he was not in fact promoted, and therefore, not demoted to his current position of police officer.

The requirements of the Policemen's Civil Service Act for promotion of police officers must be strictly followed in order for a valid promotion to be obtained. *Mahofski v. City of Pittsburgh*, 22 Pa.Commonwealth Ct. 629, 350 A.2d 423 (1976). In the present action it is beyond dispute that the City failed to adhere to these requirements. Officers Trosky and Cirocco were improperly removed from the list of eligible candidates, Officer Gregorchik was improperly added to the list, and the Civil Service Commission was unable to confirm Officer Gregorchik's promotion.

As this court has succinctly stated before, "the application of the civil service laws is a two way street, i.e., before one may invoke the protections afforded thereby, one must show that an appointment or promotion was in accordance with the laws in effect at the time of the appointment or promotion." *Municipality of Penn Hills v. Municipality of Penn Hills Personnel Board/Civil Service Commission*, 87 Pa.Commonwealth Ct. 552, 487 A.2d 1048 (1985).

While it is unfortunate that the City raised the expectations of Officer Gregorchik by congratulating him on a promotion that the Civil Service Commission had not yet confirmed, raised expectations do not create a right to promotion with back pay and benefits.

Accordingly, I submit that the trial court erred as a matter of law in ordering Officer Gregorchik restored to the rank of sergeant with full back pay and benefits.