Mark T. ALLEN, M.D., Petitioner,

v.

BUREAU OF WORKERS' COMPEN-
SATION (American Interstate Insur-
ance Company), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 18, 2002.
Decided Jan. 8, 2003.

Mark W. Voigt, Philadelphia, for petitioner.

Kacey C. Wiedt, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and SMITH–RIBNER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Mark T. Allen, M.D. (Dr. Allen) petitions for review of the decision and order of the Department of Labor and Industry (Department), Bureau of Workers' Compensation Fee Review Hearing Officer (hearing officer). The hearing officer denied and dismissed Dr. Allen's Application for Fee Review after finding that the application was premature pursuant to Section 306(f.1)(5) of the Workers' Compensation Act (Act)[1] and 34 Pa.Code Section 127.255(3) which sets forth the Workers' Compensation Medical Cost Containment Rules and Regulations regarding premature applications for fee review.[2] The hearing officer's decision notified Dr. Allen to appeal to the Commonwealth Court within 30 days from the mailing date of its decision.

Dr. Allen provided services to Michael Scott (Claimant) on various occasions between January 2, and March 2, 2001. Thereafter, on April 9, 2001, Dr. Allen

---

1. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 531(5). Section 306(f.1)(5) provides in pertinent part as follows:

   (5) The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6). The nonpayment to providers within thirty (30) days for treatment for which a bill and records have been submitted shall only apply to that particular treatment or portion thereof in dispute; payment must be made timely for any treatment or portion thereof not in dispute. A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the department no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment.... Within thirty (30) days of the filing of such an application, the department shall render an administrative decision.

2. 34 Pa.Code § 127.255 provides in pertinent part as follows:

   The Bureau will return applications for fee review prematurely filed by providers when one of the following exists:
   (3) The 30–day period allowed for payment has not yet elapsed, as computed under § 127.208 (relating to time for payment of medical bills).

sought review with the Bureau of Workers' Compensation (Bureau) concerning the timeliness of payment with regard to bills for services provided to Claimant on those dates. Dr. Allen's application reflected an address of "1911 Arch Street, Lower Level, Philadelphia, PA 19103."

The Bureau in an administrative decision dated June 11, 2001, granted Dr. Allen's application concluding that the American Interstate Insurance Company (AIIC) had been "untimely in its payment/denial of the medical bill(s) submitted for fee review." Bureau Administrative Decision, June 11, 2001, at 1. AIIC requested a hearing before the Department.

A hearing was scheduled for March 6, 2002. The Bureau mailed notice of the hearing to Dr. Allen at the address on his application. Dr. Allen contends that neither he nor his counsel of record received the notice. Dr. Allen did relocate his office prior to the time of the hearing but his counsel did not.

A hearing was conducted on March 6, 2002. Neither Dr. Allen nor his counsel were present at the hearing. Counsel for AIIC introduced documents into evidence and presented the testimony of Claimant. Claimant testified that AIIC had not received Dr. Allen's bills prior to the filing of the application for fee review. AIIC then asked that Dr. Allen's application for fee review be denied as premature.

The hearing officer accepted the unrebutted testimony as credible and concluded that because AIIC had not received Dr. Allen's bills and records that the 30 day period for payment had not yet begun. The hearing officer denied and dismissed Dr. Allen's application without prejudice as untimely and vacated the Bureau's administrative decision approving Dr. Allen's fee review application. Dr. Allen appealed to our Court.[3]

■ Dr. Allen contends that the hearing officer violated his constitutional rights and/or erred as a matter of law in denying his fee review application without affording him either proper notice of the hearing or an opportunity to be heard regarding his fee review petition.

Section 504 of Pennsylvania's Administrative Agency Law, 2 Pa.C.S. § 504 states in pertinent part as follows:

> No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of the hearing and an opportunity to be heard.

■ In *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981), our Supreme Court determined that an administrative agency's adjudication is invalid where it "failed to comply with the statutory requirements of notice of a hearing and an opportunity to be heard." *Id.*, at 465, 431 A.2d at 948. The notice of a hearing and an opportunity to be heard requirement is met when proper notice of the action is mailed to the party's last known address. *Higgins v. Public School Retirement System*, 736 A.2d 745 (Pa. Cmwlth.1999).

In the present controversy, Dr. Allen contends that neither he nor his attorney received proper notice. A review of the record reveals that notice was sent to the address that Dr. Allen provided in his application for fee review. The record also reveals that Dr. Allen left that portion of the fee review application blank that asked

---

**3.** Our review is limited to determining whether there has been a violation of constitutional rights or errors of law committed and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo-Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

if Dr. Allen had a representative and who that representative was, as well as who the Bureau was to correspond with if Dr. Allen did not wish to be the contact.

 Dr. Allen also contends that the Bureau violated Rule 3.5 and Rule 3.3 of the Pennsylvania Rules of Professional Conduct when it held the hearing without Dr. Allen or his counsel being present.[4] Dr. Allen was properly notified of the hearing. The fact that Dr. Allen failed to attend the hearing does not make it *ex parte*.[5] The Bureau's obligation ended when it properly notified Dr. Allen of the hearing, as Dr. Allen did not have counsel of record. It was not the duty of the Bureau to speculate as to who Dr. Allen would most likely hire as his representative in this action.

Accordingly, we must affirm the hearing officer's decision.

President Judge COLINS dissents.

### ORDER

AND NOW, this 8th day of January 8, 2003 the order of the Bureau of Workers' Compensation in the above captioned matter is affirmed.

---

4. Rule 3.5 of the PRPC provides in pertinent part as follows:
   A lawyer shall not:
   . . .
   (b) communicate *ex parte* with [a judge] except as permitted by law;
   Rule 3.3 of the PRPC provides in pertinent part as follows:
   (d) in an *ex parte* proceeding, a lawyer shall inform the tribunal with all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.

5. Black's Law Dictionary defines *"ex parte"* as follows:
   On or from one party only, usu. without notice to or argument from the adverse party. . . .
   Done or made at the instance and for the benefit of one party only, and without notice to, or argument by, any person adversely interested. . . .
   Black's Law Dictionary, 597 (7th ed.1999).