James CUNNINGHAM, Appellant

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Gretchen E. Frederick, Luther S. Diggs, Jacob T. Aufschauer, Kay B. Hooven, Michael J. O'Donoghue, Kurt Weidenhammer and Eileen Katz, Esq.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 14, 2006.

Decided Jan. 10, 2007.

---

Frank D. Branella, Philadelphia, for appellant.

Maria L. H. Lewis, Philadelphia, for appellees.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge McGINLEY.

James Cunningham (Cunningham) appeals from an order of the Court of Common Pleas of Philadelphia County (common pleas court) which granted the Southeastern Pennsylvania Transportation Authority's (SEPTA) motion for summary judgment and dismissed Cunningham's complaint with prejudice because Cunningham failed to file a statutory appeal from SEPTA's final order.

Cunningham had been employed by SEPTA for fifteen years when he retired in March of 2000, following a series of both work-related and non work-related accidents. Cunningham accepted a disability pension from SEPTA in the amount of $500.00 per month.

On December 17, 2001, the Workers' Compensation Appeal Board concluded that Cunningham was totally disabled as a result of his work-related injury, and awarded him workers compensation benefits retroactive to June 11, 1996, in the amount of $527.00 per month. Cunningham did not inform SEPTA of the retroactive award of workers' compensation benefits.

SEPTA eventually learned that Cunningham was receiving workers' compensation benefits in addition to his disability pension benefits. SEPTA contacted Cunningham and informed him that his disability pension benefits of $500 per month would be offset, on a dollar-for-dollar basis, by the amount of workers' compensation benefits he received. This was in accordance with Section 7.9(A)(1) of the Pension Plan Agreement, and Section CTA7.10(A) of the Adoption Agreement entered into by SEPTA and Local 234, of which Cunningham was a member.[1]

---

1. Section 7.9(A)(1) of the Pension Plan Agreement provides:

    Offset by Workers' Compensation or other Payments for Injuries Suffered before June 24, 1996—In the case of any Member who is entitled to receive Retirement Benefits under this Plan and who is also then, or at any time thereafter, contemporaneously receiving workers' compensation for injuries suffered before June 24,

On September 19, 2003, Cunningham filed a claim with SEPTA's Senior Director of Human Resources for Employee Services (Pension Claims Coordinator), and requested a review of SEPTA's decision to offset his disability pension benefits. Specifically, Cunningham requested reinstatement of the disability pension benefits.[2] The Pension Claims Coordinator denied Cunningham's request on October 27, 2003, and concluded that pursuant to Section 7.9(A)(1) of the Pension Plan Agreement and section CTA.7.10(A) of the adoption agreement, Cunningham's "monthly Plan pension was correctly offset, in its entirety, by the amount of his monthly workers' compensation benefit because his monthly workers' compensation benefit ($2,283.67) exceeds [sic] his monthly Plan pension ($500)." Decision of the Pension Claims Coordinator, October 27, 2003, at 1–2; R.R. at 620a–621a. Cunningham was informed that he had a right to file an appeal with the SEPTA Administrative Committee (Committee). Decision of the Pension Claims Coordinator at 2; R.R. at 621a. Cunningham appealed on January 26, 2004, and submitted written argument for the Committee's review.

On appeal to the Committee Cunningham argued that SEPTA could not offset his disability pension benefits under the terms and conditions of the pension plan agreement once he retired. In addition, Cunningham contended that his disability pension benefits were an accrued entitlement and SEPTA was not entitled to an offset because he was awarded workers' compensation benefits. Finally, Cunningham sought *"review of all documents and records pertaining to Mr. Cunningham's pension."* Cunningham's Appeal to the Committee, January 26, 2004, at 1–5; R.R. at 196a–200a (Emphasis added).

In response to Cunningham's request, a conference was held between Cunningham's counsel and outside counsel for SEPTA's pension plan on June 4, 2004, to provide Cunningham the opportunity to review all documents relating to Cunningham's pension and to determine if an amended appeal was necessary. Based on that conference Cunningham's counsel confirmed on July 16, 2004, that an amended appeal was not necessary. Therefore, the Committee deemed July 16, 2004, "the official date of Mr. Cunningham's appeal of the Pension Claims Coordinator's denial of his request for reinstatement of his Plan pension." Decision of the Committee, September 24, 2004, at 1; R.R. at 630a. At no

---

1996, or who is contemporaneously receiving Employer's liability, occupational disease or similar compensation payments from the Employer or from its insurance carrier, the amount of such payments shall reduce the amount of Retirement Benefits otherwise payable under this Plan to such Member.      ·

Pension Plan Agreement at 17; Reproduced Record (R.R.) at 343a.

Section CTA.7.10(A) of the Adoption Agreement provides:      ·

Workers' Compensation Credit–In the case of any Member who is entitled to receive Retirement Benefits under the City Transit Division Plan and who is also then, or at any time thereafter, contemporaneously receiving workers' compensation, Employer's liability, occupational disease or similar compensation payments from the Employer or its insurance carrier, the amount of such payments shall reduce the amount of the Retirement Benefits otherwise payable under the City Transit Division Plan to such Member.

Adoption Agreement at CTA–12; R.R. at 86a.

**2.** Initially, this Court notes that Cunningham's disability pension benefits were never terminated. Therefore, Cunningham's request for reinstatement of his disability pension benefits was a mischaracterization. In actuality, Cunningham requested reinstatement of the amount his disability pension benefits were offset by the workers' compensation benefits he received.

time throughout the appeal process, before either the Pension Claims Coordinator or the Committee, did Cunningham assert a denial of due process.

On September 24, 2004, the Committee affirmed the decision of the Pension Claims Coordinator and denied Cunningham's request for reinstatement of the amount his disability pension benefits were offset. The September 24, 2004, letter stated that: "Mr. Cunningham has exhausted his appeals for reinstatement of his Plan pension under Section 4.15 of the Plan; therefore, the decision by the Committee is final, conclusive and binding upon Mr. Cunningham and the Authority."[3] Decision of the Committee at 9: R.R. at 638a. Cunningham had a statutory right to appeal the Committee's decision to the common pleas court within 30 days, but failed to file. 2 Pa.C.S. § 752; 42 Pa.C.S. § 5571(b).[4]

Instead, nearly seven months after Cunningham received the Committee's final decision, Cunningham filed a civil action in the common pleas court on April 21, 2005. The complaint alleged breach of contract (count I); breach of good faith and fair dealing (count II); fraud, misrepresentation and deceit (count III); conversion (count IV); and civil conspiracy (count V). Civil Action Complaint, April 21, 2005, at 1–23: R.R. at 3a–25a. SEPTA filed preliminarily objections on May 11, 2005. Preliminary Objections, May 11, 2005, at 1–4; R.R. at 253a–256a. On June 22, 2005, the common pleas court sustained, in part, only the preliminary objection to Cunningham's conspiracy claim (count V). Order of the Common Pleas Court, June 22, 2005 at 1; R.R. at 363a.

Subsequently, SEPTA filed a motion for summary judgment on January 3, 2006, and alleged that Cunningham was procedurally barred from pursing the lawsuit because he failed to appeal the Committee's September 24, 2004, decision. Motion for Summary Judgment, January 3, 2006, at 1–33: R.R. at 327a–359a. Cunningham responded and argued, for the first time, that he was denied due process because he did not receive reasonable notice and an opportunity to be heard with regard to his request for reinstatement of

---

3. Section 4.15(b) of the Pension Plan Agreement provides:

> Any Applicant whose claim for Benefits is denied in whole or in part (such Applicant being hereinafter referred to the "Claimant") may appeal from such denial to the Administrative Committee for a review of the decision by the entire Administrative Committee.
>
> . . . .
>
> The Administrative Committee shall make a full and fair review of each appeal and any written materials submitted by the Claimant and/or the Employer in connection therewith. . . . The Claimant shall be given the opportunity to review pertinent documents or materials upon submission of a written request to the Administrative Committee. . . .
>
> . . . The decision of the Administrative Committee on any claim for Benefits shall be final and conclusive upon all parties thereto.

. . . .

4. The right of appeal from a final order of an agency is found in the Local Agency Law at 2 Pa.C.S. § 752, which provides "Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." The time limit for filing an appeal is found in the Judicial Code at 42 Pa.C.S. § 5571(b), and provides in pertinent part:

> Except as otherwise provided . . . , an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

the amount his disability pension benefits were offset. Answer to Motion for Summary Judgment, February 2, 2006, 1–68; R.R. at 1170a–1237a.

The common pleas court granted SEPTA's motion for summary judgment on April 28, 2006, and dismissed Cunningham's complaint with prejudice. The common pleas court concluded that it lacked jurisdiction because Cunningham failed to pursue "his administrative remedy of a statutory appeal".[5] Opinion of the Common Pleas Court, April 28, 2006 at 1; R.R. at 1603a. The common pleas court determined that Cunningham's alleged denial of due process was without merit because he failed to appeal within 30 days of the September 24, 2004, denial of his request for reinstatement of the amount his disability pension benefits were offset. It is from this decision that Cunningham petitions this Court to review.

■ Cunningham argues that the common pleas court erred as a matter of law when it determined that the September 24, 2004, letter issued by the Committee was a final, appealable adjudication. Cunningham further asserts that he was not afforded notice and an opportunity to be heard. Finally, Cunningham contends that he was not subject to the statutory appeal period because the adjudication was invalid.

■ Cunningham argues that the September 24, 2004, letter from the Committee did not constitute a valid adjudication because he did not receive notice and an opportunity to be heard with regard to his request for reinstatement of the amount his disability pension benefits were offset, which was a direct violation of Section 553 of the Local Agency Law. 2 Pa.C.S. § 553.[6]

Cunningham cites to *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981), in support of his argument. The appellant in that case, Callahan, had been receiving benefits under the act frequently referred to as the Heart and Lung Act.[7] Callahan was notified by letter dated January 5, 1978, that his benefits would be terminated by his employer, the Pennsylvania State Police, effective February 22, 1978. Callahan's request for a hearing on the termination was denied. Callahan filed a petition for review with this Court on March 3, 1978. This Court determined that the letter which informed Callahan that his benefits were terminated was an adjudication pursuant to the Administrative Agency Law because it was a final determination of property rights. 2 Pa.C.S. § 101.[8] Callahan appealed to the Pennsylvania Supreme Court.

Our Supreme Court reversed and concluded that the letter was not a valid adju-

---

5. While a final order of a local agency is subject to judicial review, failure to pursue a statutory appeal is not an "administrative remedy" as the trial court characterized, but instead is a judicial remedy which flows from the administrative process.

6. Section 553 of the Local Agency Law, 2 Pa.C.S. § 553, provides:

   No adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony may be stenographically recorded and a full and complete record may be kept of the proceedings. In the

event all testimony is not stenographically recorded and a full and complete record of the proceedings is not provided by the local agency, such testimony shall be stenographically recorded and a full and complete record of the proceedings shall be kept at the request of any party agreeing to pay the costs thereof.

7. Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. § 637.

8. Adjudication is defined at 2 Pa.C.S. § 101 as:

   Any final order, decree, decision, determination or ruling by an agency affecting

dication. *Id.* Moreover, the Supreme Court determined that Callahan was denied procedural due process under the Administrative Agency Law which requires notice and an opportunity to be heard. 2 Pa.C.S. § 504.[9] Since Callahan was denied the opportunity to be heard and because the letter was not a valid adjudication benefits were reinstated and the matter was remanded for an administrative hearing.[10] *Callahan,* 494 Pa. at 466, 431 A.2d at 949.

The present dispute is distinguishable from *Callahan* because Cunningham was given the opportunity and, in fact, did appeal the Committee's decision. He submitted written argument to the Committee in defense of his appeal. Furthermore, Cunningham was provided with the opportunity to meet with SEPTA's counsel to review all the documents relevant to his case on June 4, 2004, and file an amended appeal if necessary based on review of the documents. Cunningham did not present any additional argument or evidence to the

Committee following the June 4, 2004, conference, and did not amend his appeal. Critically, Cunningham chose not to appeal the Committee's decision.

Pursuant to the Local Agency Law "any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals...." 2 Pa.C.S. § 752. SEPTA qualifies as a local agency and the Court of Common Pleas has exclusive jurisdiction over its appeals. *Quinn v. Southeastern Pennsylvania Transportation Authority,* 659 A.2d 613 (Pa.Cmwlth. 1995).

As stated *supra,* "adjudication" is defined in the Administrative Agency Law as "any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." 2 Pa.C.S. § 101. Further, "no adjudication

---

personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.

**9.** 2 Pa.C.S. § 504 provides, "No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings."

**10.** Cunningham also cites to *Rizzo v. Schmanek,* 63 Pa.Cmwlth. 547, 439 A.2d 1296 (1981), where this Court held that a letter dismissing Joseph Schmanek (Schmanek) was not a valid adjudication from which an appeal could be taken. The City of Philadelphia (City) made the decision to terminate Schma-

nek following the end of his probationary period. Since the decision was made on the basis of his performance during the probationary period, the City determined that Schmanek was not entitled to a hearing and that the decision was a final adjudication. Schmanek filed an action in mandamus with the common pleas court and the common pleas court determined that while the City alleged that Schmanek had been dismissed during his probationary period he in fact was dismissed shortly after his probationary period. Because the City failed to show that Schmanek was dismissed for good cause or that Schmanek's probationary period had been extended he was restored to his position as a patrolman. This Court affirmed the decision of the common pleas court and determined that the letter was not a valid adjudication.

*Rizzo* is distinguishable from the present controversy because Schmanek exhausted all of his available administrative remedies and was properly before the common pleas court in mandamus.

of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." 2 Pa.C.S. § 553.

Based on these requirements there is no dispute that the September 24, 2004, letter qualified as an adjudication. It was a final order of the Committee, as specifically stated in the letter, which impacted Cunningham's personal receipt of his disability pension. In addition, this Court concludes that the adjudication was a valid adjudication as the record reveals that Cunningham was notified of the administrative action and was granted the opportunity to be heard, both in writing, and at the conference held in June of 2004.[11] Finally, Cunningham was bound by the 30–day statutory time limit prescribed for filing an appeal in the Judicial Code. 42 Pa.C.S. § 5571(b). Instead of filing a timely appeal within 30–days Cunningham waited nearly seven months to institute the present civil action.[12]

Accordingly, the order of the common pleas court is affirmed.

### ORDER

AND NOW, this 10th day of January, 2007, the order of the Court of Common Pleas of Philadelphia County First Judicial District of Pennsylvania is affirmed.

---

11. In the alternative, should the validity of the adjudication be in question, the appropriate means to resolve the dispute was a timely appeal to the common pleas court, which Cunningham chose not to pursue. In fact, Cunningham did not raise a procedural due process argument at any time throughout the administrative proceedings.

12. A party to a local agency proceeding may not institute an independent action that challenges the agency's action when the party failed to file a timely appeal from the decision of the local agency. *Lundy v. City of Williamsport*, 120 Pa.Cmwlth. 520, 548 A.2d 1339 (1988). The remedy Cunningham seeks in the civil complaint flows from his assertion that SEPTA did not have the right to offset his disability pension benefits. This issue was decided by SEPTA in the administrative proceedings. Cunningham chose not to file a statutory appeal. Therefore, Cunningham may not collaterally attack the final decision of the Committee in the separate civil action.