# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bucks County Water and Sewer
Authority

       v.

A Portion of the Lands of
John Joseph Marchione and
Jill Marchione, Husband and Wife,
of Plumstead Township,
County of Bucks, Tax Parcel 34-3-89

Appeal of: John Joseph Marchione
and Jill Marchione

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 573 C.D. 2017
Submitted: October 20, 2017

**BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge**
**HONORABLE P. KEVIN BROBSON, Judge**
**HONORABLE DAN PELLEGRINI, Senior Judge**

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**         **FILED:  April 4, 2018**

Property owners John Joseph Marchione and Jill Marchione (Objectors), *pro se*, appeal from an order of the Court of Common Pleas of Bucks County (trial court), which denied and dismissed Objectors' preliminary objections to a declaration of taking filed by the Bucks County Water and Sewer Authority (Authority). For the reasons that follow, we affirm.

On May 17, 2016, the Authority's Board of Directors unanimously enacted a resolution authorizing the condemnation of a strip of land for use as a sanitary sewer easement for the purpose of constructing and maintaining a public sewer system. Thereafter, on May 27, 2016, the Authority filed a declaration of taking, condemning a sanitary sewer easement over a parcel of real property owned

by Objectors and located in Plum Township, Bucks County, known as Bucks County Tax Parcel 34-3-89. The property consists of approximately 2.172 acres and is improved by a single-family dwelling. Objectors, acting *pro se*, filed preliminary objections, arguing that (1) the condemnation is an unlawful taking for a private purpose, (2) the primary beneficiary of the condemnation is the developer of a housing development known as "Lantern Ridge," and (3) the condemnation is not an exercise of sound judgment. The Authority responded to the preliminary objections, essentially denying the allegations.

By letter dated July 14, 2016, the Authority sent Objectors two notices of depositions scheduled for August 3, 2016. (Supplemental Reproduced Record (S.R.R.) at 1b.) The notices listed the deponents as the Authority's engineer, John A. Swenson, P.E. (Swenson), and the Authority's Chief Operating Officer, John Butler (Butler). Objectors did not immediately reply to this correspondence, nor did they appear at the depositions.

On August 8, 2016, Objectors responded via letter to the Authority's notices of depositions, raising concerns regarding the manner in which the Authority delivered the notices of depositions. Objectors stated that the Authority served the declaration of taking via personal service at Objectors' place of business but sent the notices of depositions to a post office box that Objectors had never directed the Authority to use. (*Id.* at 4b.) Further, Objectors noted that they did not discover the notices in their post office box until the day of the depositions, thereby causing Objectors' absence. In light of Objectors' inability to attend the depositions, they requested copies of the deposition transcripts and reserved the right to depose Swenson and Butler at a later date. (*Id.* at 5b.)

2

By letter dated August 15, 2016, the Authority explained that the notices of depositions were "sent to the [physical] address [for Objectors' place of business], but returned by the postal office. They were then sent to the post office box because the county real estate records show that post office box address as the mailing address for the property." (*Id.* at 6b.) The Authority further advised Objectors that it would send copies of the deposition transcripts as soon as practicable and that Objectors should contact the Authority if they wished to depose Swenson and Butler. (*Id.*)

On September 20, 2016, the Authority provided Objectors with the deposition transcripts of Swenson and Butler. (*Id.* at 7b.) The Authority again reminded Objectors to contact the Authority if they wished to depose Swenson and Butler. (*Id.*) Further, the Authority stated its intention to file a brief with the trial court to dismiss Objectors' preliminary objections and Objectors would be obligated to file a reply brief. (*Id.*)

By response dated October 1, 2016, Objectors informed the Authority that they wished to depose Swenson. (*Id.* at 52b.) The Authority subsequently proposed two dates for this deposition: November 15 or 16, 2016. (*Id.* at 53b.) On November 10, 2016, Objectors informed the Authority that they would not be ready to conduct the deposition on either suggested date, and they would contact the Authority in the coming days to reschedule. (*Id.*) No future contact occurred between Objectors and the Authority regarding the scheduling of depositions.

On January 6, 2017, the Authority filed with the trial court a brief in opposition to Objectors' preliminary objections and attached, *inter alia*, the depositions of Swenson and Butler. (*Id.* at 55b.) Thereafter, by letter dated January 18, 2017, the Authority notified Objectors of its intent to file a praecipe for

dismissal of Objectors' preliminary objections pursuant to Bucks County Rule of Civil Procedure No. 208.3(b)(5)[1] if Objectors failed to comply with Bucks County Rule of Civil Procedure No. 208.3(b)(2)[2] within ten days. (*Id.* at 56b.) Objectors took no action during the ten-day period. The Authority then filed its praecipe on February 6, 2017. (*Id.* at 59b.)

On February 21, 2017, Objectors filed a response to the Authority's praecipe, asserting only that the trial court should not dismiss the matter because Objectors had not been able to develop the required facts due to the Authority's failure to make witnesses available for deposition. (*Id.* at 63b.) By order dated April 10, 2017, the trial court denied and dismissed Objectors' preliminary objections. (Reproduced Record (R.R.) at 5a.)[3]

On May 4, 2017, Objectors filed a timely notice of appeal. Pursuant to Pa. R.A.P. 1925(b), the trial court directed Objectors to file a concise statement of errors complained of on appeal (Rule 1925 Statement) no later than twenty-one days

---

[1] Bucks County Rule of Civil Procedure No. 208.3(b)(5) provides, in pertinent part:

Any other party may by praecipe forward a matter to the Court for dismissal of the application at issue when the party who [sic] submitted it does not comply with the provisions of subsection (2) of this rule. Written notice of the intent to file under this subsection shall be given to the party whose application is at issue at least ten days prior to such submission, during which period of time the non-complying party shall have the opportunity to come into compliance with the requirements of subsection (2).

[2] Bucks County Rule of Civil Procedure No. 208.3(b)(2) provides that "when the matter is at issue and ready for decision, the moving party on the application shall, by praecipe, order the same to be submitted for disposition pursuant to this rule."

[3] Although Objectors have not numbered the pages in the manner required by Pa. R.A.P. 2173, we will cite to them as numbered to avoid confusion. *See Torijano v. Workers' Comp. Appeal Bd. (In A Flash Plumbing)*, 168 A.3d 424, 425 n.1 (Pa. Cmwlth. 2017).

4

after the entry of the order.[4]  Although dated May 22, 2017, the trial court docketed and mailed its Rule 1925(b) order to Objectors on May 26, 2017.  Thus, Objectors had until June 16, 2017, to file their Rule 1925 Statement.  The Rule 1925(b) order further notified Objectors that "[a]ny issue not properly included in the [Rule 1925] Statement timely filed and served pursuant to Rule 1925(b) shall be deemed waived."  (Trial court's Rule 1925(b) order.)

Objectors filed their Rule 1925 Statement via first-class mail. Objectors' certificate of service listed the mailing date as June 12, 2017.  Objectors' filing, however, did not include any certificate of mailing evidencing the mailing date.  The trial court, however, docketed Objectors' Rule 1925 Statement as having been received on June 26, 2017, thereby making it untimely.  (R.R. at 2a.)

On appeal,[5] Objectors argue that the trial court erred in dismissing their preliminary objections.  Specifically, Objectors allege (1) the trial court erred in concluding that the Authority did not preclude Objectors from taking the depositions of Swenson and Butler, and (2) the trial court erred by considering the "*ex parte*" depositions taken by the Authority.  The Authority contends that Objectors waived these issues due to Objectors' failure to timely file their Rule 1925 Statement. Before we address the merits of Objectors' appeal, we must first address the timeliness of Objectors' Rule 1925 Statement.

---

[4] Pa. R.A.P. 1925(b) provides:

If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of errors complained of on appeal ("Statement").

[5] "In eminent domain cases, our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law." *Appeal of Heim*, 617 A.2d 74, 76 (Pa. Cmwlth. 1992), *appeal denied*, 629 A.2d 1385 (Pa. 1993).

5

Pa. R.A.P. 1925 is "intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." *Cmwlth. v. Lord*, 719 A.2d 306, 308 (Pa. 1998). "Whenever a trial court orders an appellant to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner." *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 803 (Pa. Super. 2007), *appeal denied*, 945 A.2d 171 (Pa. 2008) (emphasis in original). Failure to comply with the order's directive will result in waiver of all issues raised on appeal. *Cmwlth. v. Schofield*, 888 A.2d 771, 774 (Pa. 2005).

In terms of the filing and service of a Rule 1925 Statement, Pa. R.A.P. 1925(b)(1) provides, in pertinent part:

> Filing of record and service on the judge shall be in person or by mail as provided in Pa. R.A.P. 121(a) and *shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified* in compliance with the requirements set forth in Pa. R.A.P. 1112(c).

(Emphasis added.)

Applying the above principles to the instant case, we hold that Objectors waived all issues on appeal due to the untimeliness of their Rule 1925 Statement. Although Objectors' certificate of service for their Rule 1925 Statement identifies the mailing date as June 12, 2017, the trial court's docket shows the date of receipt as June 26, 2017. Per Pa. R.A.P. 1925(b), Objectors would only be able to preserve the timely mailing date set forth on their certificate of service if they had attached some form of a certificate of mailing from which the date Objectors deposited the Rule 1925 Statement in the mail could be verified. Objectors,

6

however, failed to attach such documentation. We, therefore, must use the date set forth on the trial court's docket, which renders Objectors' Rule 1925 Statement untimely, thereby resulting in the waiver of all issues on appeal.

Accordingly, we affirm the trial court's order.[6]

_____
P. KEVIN BROBSON, Judge

---

[6] As to the substantive issues, we note that Objectors' arguments lack merit. Although Objectors contend they did not receive notices of the depositions in a timely manner, the Authority made reasonable attempts to notify Objectors of the depositions. Moreover, the record establishes that on four separate occasions the Authority offered Objectors an opportunity to conduct depositions. (S.R.R. at 1b, 6b-7b, 53b.) Further, Objectors indicated that they would contact the Authority to schedule the depositions but failed to do so. Finally, when a party is notified of a proceeding, yet fails to attend, it does not render that proceeding, or any resulting evidence, as *ex parte*. *See Allen v. Bureau of Workers' Comp.*, 814 A.2d 1275, 1278 (Pa. Cmwlth. 2003). Given these facts, we see no error on behalf of the trial court.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bucks County Water and Sewer
Authority

          v.

A Portion of the Lands of
John Joseph Marchione and
Jill Marchione, Husband and Wife,
of Plumstead Township,
County of Bucks, Tax Parcel 34-3-89

Appeal of: John Joseph Marchione
and Jill Marchione

:
:
:
:
:   No. 573 C.D. 2017
:
:
:
:
:
:
:
:
:
:

## *O R D E R*

AND NOW, this 4th day of April, 2018, the order of the Court of Common Pleas of Bucks County is AFFIRMED.

_____
P. KEVIN BROBSON, Judge